**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Dodev, et al., | No. CV-25-00356-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| D.R. Horton Incorporated, et al., | |
| Defendants. | |

Before the Court is the Motion to Dismiss (Doc. 11) filed by Defendants D.R. Horton, Incorporated and Mike Douglas ("Defendants"). The Motion is fully briefed. (Docs. 11, 14, 16.) It argues the Court lacks subject matter jurisdiction over this action. (Doc. 11 at 1.)

**I.  BACKGROUND**

The following facts are taken from the allegations in the Complaint (Doc. 1). The Court accepts these facts as true for the purposes of assessing Defendants' Motion. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (explaining the type of 12(b)(1) motion determines the acceptance of factual allegations).

Ivaylo and Nikolina Dodev ("Plaintiffs") purchased a home from Defendants in December 2019.* (Doc. 1 at ¶ 10, ¶ 12.) The home was still under construction when Plaintiffs took legal possession. (*See id.* ¶ 13.) After the home remained under construction

---

* Defendant D.R. Horton Incorporated is a Delaware corporation that builds homes. (Doc. 1 ¶ 6.) Defendant Mike Douglas was an employee of Defendant D.R. Horton during the events giving rise to this lawsuit. (*Id.* ¶ 7.)

1  for many months, and agreed-upon repairs went unfixed by Defendants, Plaintiffs initiated
2  this lawsuit. (*See, e.g.*, *id.* ¶ 26, ¶ 55, ¶ 66.)

3        The lawsuit brings nine state-law causes of action against Defendants, ranging from
4  breach of contract to "general tort claims." (*Id.* at 23, 25-26, 28-29, 31-32, 34-35.) The
5  lawsuit claims jurisdiction is proper under 28 U.S.C. § 1332; there is complete diversity of
6  citizenship and the amount in controversy exceeds $75,000. (*Id.* ¶ 2.)

7        In response, Defendants filed the Motion to Dismiss currently before the Court.
8  (Doc. 11.) The Motion is brought under Rule 12(b)(1) of the Federal Rules of Civil
9  Procedure. (*Id.* at 1.) It argues diversity is lacking because Defendant Douglas "was (and
10 currently is) a citizen of Arizona." (*Id.* at 2.) To prove this point, attached to the Motion is
11 a declaration from Defendant Douglas stating he has lived in Arizona for the past eight
12 years. (*See* Doc. 11-1 at 2.)

13 **II.    LEGAL STANDARD**

14       Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over
15 which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1)
16 jurisdictional challenge may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242
17 (9th Cir. 2000). When a defendant argues the claims in a complaint, even if true, are
18 insufficient to establish subject matter jurisdiction, the challenge is a facial one. *Safe Air*
19 *for Everyone*, 373 F.3d at 1039. In a facial challenge to subject matter jurisdiction under
20 Rule 12(b)(1), courts must accept all material allegations in a complaint as true and
21 construe the complaint in favor of the plaintiff. *White*, 227 F.3d at 1242; *Warth v. Seldin*,
22 422 U.S. 490, 501 (1975); *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011). By
23 contrast, in a factual attack to subject matter jurisdiction, a challenger disputes the truth of
24 the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Safe Air*
25 *for Everyone*, 373 F.3d at 1039. Courts may look beyond a complaint only when the
26 defendant factually attacks jurisdiction. *White*, 227 F.3d at 1242.

### III. DISCUSSION

#### A. Rule 12(b)(1)

The Motion does not specify whether Defendants are bringing a facial or factual challenge to jurisdiction. But under either approach, dismissal is appropriate.

The party asserting diversity jurisdiction has the burden of proof when litigating a 12(b)(1) motion. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). That burden requires the invoking party to allege (but not prove) diversity at the pleading stage. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Failure to do so is fatal to diversity jurisdiction and will result in a successful 12(b)(1) facial attack. *See id.* at 858.

The Complaint only alleges Defendant Douglas was an employee of Defendant D.R. Horton "at the relevant times at which these causes of action occurred." (*Id.*) Omitting allegations about Defendant Douglas's citizenship means Plaintiffs have failed to satisfy their burden of proving diversity jurisdiction. *Lew*, 797 F.2d at 749. The allegations in the Complaint, even if true, do not establish complete diversity. *See Safe Air for Everyone*, 373 F.3d at 1039.

Even if the Complaint alleged Defendant Douglas's citizenship, it would still be improper on factual grounds. Courts may look beyond a complaint when considering factual attacks on jurisdiction. *White*, 227 F.3d at 1242. The declaration from Defendant Douglas demonstrates he was a citizen of Arizona when Plaintiffs filed the Complaint. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 37 (2025) (stating the operative complaint determines diversity). Because Plaintiffs are also citizens of Arizona, (Doc. 1 at 2), there is not complete diversity and jurisdiction under 28 U.S.C. § 1332 is unavailable. *Lee v. Am. Nat'l Ins.*, 260 F.3d 997, 1004 (9th Cir. 2001). The Motion can be granted on either facial or factual grounds.

#### B. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." District courts properly deny leave to amend if the proposed amendment would be futile or the amended

complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Here, Plaintiffs ask the Court for leave to amend the Complaint, and amendment would not be futile. (Doc. 14 at 12.) Plaintiffs' response brief seemingly alleges—for the first time—federal causes of action that might provide a basis for federal question jurisdiction. (*See, e.g.*, Doc. 14 at 7-8.) Alternatively, Plaintiffs could amend the Complaint to exclude Defendant Douglas, which may establish diversity jurisdiction. Plaintiffs' request for leave will be granted.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** granting the Motion to Dismiss (Doc. 11).

**IT IS FURTHER ORDERED** dismissing the Complaint (Doc. 1) with leave to file an amended complaint no later than **April 4, 2025**.

**IT IS FINALLY ORDERED** that if Plaintiffs elects not to file an amended complaint by **April 4, 2025**, the Clerk of Court shall dismiss this action without prejudice, enter a judgment of dismissal, and close this case without further order of this Court.

Dated this 21st day of March, 2025.

Michael T. Liburdi
United States District Judge