WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ivaylo Dodev, et al., | No. CV-25-00356-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| D.R. Horton Incorporated, et al., | |
| Defendants. | |

Before the Court is the motion to dismiss filed by Defendants D.R. Horton and Mike Douglas ("Defendants"). (Doc. 19.) Defendants argue that the Court lacks subject matter jurisdiction over the claims in Ivaylo and Nikolina Dodev's ("Dodevs") First Amended Complaint ("FAC").

**I.   BACKGROUND**

The Court previously explained the facts of this case when granting Defendants' first motion to dismiss. (*See* Doc. 17.) As with the first motion, the Court accepts the Dodevs' version of the facts as true at this stage. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The Court granted Defendants' first motion to dismiss because both the Dodevs and Mike Douglas are Arizona citizens and the Court lacked complete diversity under 28 U.S.C. § 1332. (Doc. 17 at 3-4); *see Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001). The Court then gave the Dodevs leave to amend their complaint. It explained the Dodevs needed to allege federal claims to establish federal question jurisdiction or drop

Defendant Douglas to establish complete diversity for diversity jurisdiction. (Doc. 17 at 4.) In their FAC, the Dodevs assert new federal causes of action while keeping Defendant Douglas as a party.[1]

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Congress granted federal courts authority to exercise subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Congress has also given federal courts power to decide diversity cases between citizens of different states when litigants meet the required amount in controversy. 28 U.S.C. § 1332(a); *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). Absent a federal question or complete diversity, federal courts do not have subject matter jurisdiction to resolve a complaint. *See Royal Canin*, 604 U.S. at 26.

A challenge to subject matter jurisdiction can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial challenge, a defendant argues that the claims in the complaint, even if taken as true, are insufficient to establish subject matter jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039. Courts accept all material allegations in the complaint as true in a facial challenge to subject matter jurisdiction, construing the complaint in favor of the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011). But facts within a complaint do not suffice "if [the complaint] tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted).

---

[1] The Dodevs also claim that Defendants violated LRCiv. 12.1(c) by not engaging with good-faith conferral. The Dodevs argue this violation entitles them to equitable relief. (Doc. 20 at 4-5.) The Dodevs cite several cases to support their claim for equitable relief, but the Court cannot find a record of their existence. (*Id.*) Defendants correctly point out that motions to dismiss for lack of jurisdiction do not require a meet and confer. (Doc. 19 at 12); *see* LRCiv. 12.1(b), (c).

**III.   DISCUSSION**

Although not explicitly stated, Defendants' motion to dismiss is a facial challenge to subject matter jurisdiction. Defendants argue that the Dodevs do not have diversity jurisdiction and that they fail to allege a valid claim under federal law. (Doc. 19 at 2.)

**A.   Diversity Jurisdiction**

The legal standard has not changed since the Dodevs' original complaint; 28 U.S.C. § 1332 requires complete diversity between citizens of different states. *See Lee*, 260 F.3d at 1004. Diversity jurisdiction is still lacking because Defendant Douglas and the Dodevs are all Arizona citizens. (Doc. 17 at 3.) Accordingly, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332.[2]

**B.   Federal Question Jurisdiction**

A case arises under federal law when the complaint asserts federal claims. *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). If the facts of the well plead complaint do not support a federal claim, subject matter jurisdiction is lacking. *See id.* New to the FAC are claims for breach of warranty under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C § 2301 *et seq.*, (Doc. 18 ¶¶ 129-150) and discrimination under the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(a), (b), (f)(1), and (f)(2). (Doc. 18 ¶¶ 151- 163.) The complaint must allege sufficient facts supporting one of these claims for federal question jurisdiction. *Am. Well Works*, 241 U.S. at 260.

**1.   The Magnuson-Moss Warranty Act**

The MMWA covers "tangible personal property which is distributed in commerce and [that] is normally used for personal, family, or household purposes (including any such property intended to be attached to or installed in any real property without regard to whether it is so attached or installed)." 15 U.S.C. § 2301(1). Real property is not tangible

---

[2] The Dodevs claim that dismissal of their case for lack of jurisdiction violates the rule to hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." (Doc. 20 at 10); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). That rule, however, does not grant pro se litigants leniency in asserting jurisdiction. *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) ("A liberal construction of a pro se complaint . . . does not mean that the court will supply essential elements of a claim that are absent from the complaint.").

personal property. *See, e.g.*, *Bennett v. CMH Homes, Inc.*, 770 F.3d 511, 515 (6th Cir. 2014). The Code of Federal Regulations ("C.F.R.") further explains that fixtures within homes can be personal property covered by warranty, but "where such products are at the time of sale integrated into the structure of a dwelling[,] they are not consumer products as they cannot be practically distinguished from realty." 16 C.F.R. § 700.1(e) (2025). "Thus, for example, the beams, wallboard, wiring, plumbing, windows, roofing, and other structural components of a dwelling are not consumer products when they are sold as part of real estate covered by a written warranty." *Id.*

The Dodevs allege workmanship problems with the drywall, electrical systems, plumbing, roofing, floor tiles, cabinetry, countertops, trim, framing, insulation, and other structural components within their new home. (Doc. 18 ¶ 44, ¶ 49.) These fixtures, however, were already within the Dodevs' home at time of sale and "cannot practically be distinguished from realty." 16 C.F.R. § 700.1(e). Other courts agree with this reasoning. *See Bennett*, 770 F.3d at 515; *Coppernoll v. Custom Hous. Ctr., Inc.*, 488 F. Supp. 2d 641, 645 (W.D. Mich. 2007); *Miller v. Herman*, 600 F.3d 726, 735 (7th Cir. 2010) (finding that where the homeowner did not purchase home fixtures over the counter himself, the MMWA did not apply to his claims).[3] The MMWA does not cover building components incorporated into the Dodevs' home.

The Dodevs argue that these cases do not control their MWMA claim. (Doc. 20 at 5.) But the case they cite to distinguish their MMWA claim from these authorities involves a vehicle, a consumer product covered by the MMWA. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1021 (9th Cir. 2008); *see* 16 C.F.R. § 700.1(a) (2025) (automobiles are consumer products). The Court finds that the Dodevs do not assert a valid MMWA claim. The Court's subject matter jurisdiction depends on the Dodevs alleging a valid claim under the FHA.

---

[3] The Dodevs' response to the motion to dismiss includes a short-cite reference to a case called *Little*. The Dodevs argue that *Little* "renders Defendants' reliance [on *Bennett* and *Coppernoll*] baseless." (Doc. 20 at 5 n. 1 & n. 2.) The Court cannot find this case. The offered Westlaw citation leads to *Laney v. Clements Fluids Management, LLC*, No. 6:18-cv-00497, 2020 WL 1451739 (E.D. Tex. Mar. 25, 2020). *Laney* deals with a discovery dispute in an employment case and is inapplicable to the Dodevs' MMWA argument.

- 4 -

## 2. The Fair Housing Act

The FHA prohibits discrimination in the sale or rental of housing "because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). 24 C.F.R. § 100.65(b)(2) prohibits "failing or delaying maintenance or repairs . . . because of . . . national origin." *See also Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 713-14 (9th Cir. 2009) (the FHA reaches post sale discrimination). The Court could have jurisdiction over the Dodevs' FHA claim, assuming they sufficiently allege facts to state a claim for relief. *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008).[4]

A plaintiff asserting a discrimination claim under the FHA must file their civil action "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . ." 42 U.S.C. § 3613(a)(1)(A). The Dodevs allege that Defendants refused repairs at least until May 5, 2022—the "cessation of any further communication or attempts at resolution." (Doc. 18 ¶ 76.) While a lack of communication itself does not create discrimination, May 5, 2022, is the last date that Defendants could have discriminated against the Dodevs because the Defendants did not communicate with them after that date. (*Id.*) The Dodevs filed this action on February 3, 2025. Their FHA claim falls outside the statute of limitations, which expired on May 5, 2024.

The Dodevs claim that the statute of limitations tolled either until May 18, 2023, because Ivaylo Dodev's heart failure was "tied" to Defendants' refusals to repair their home, or to November 13, 2024, when Ivaylo Dodev sent a "request for repair letter" to D.R. Horton as a prerequisite to initiate an action under state law. (*Id.* ¶ 102, ¶ 161.) The relevant focus is on the occurrence or termination of discrimination, not the ill effects that happen after. 42 U.S.C. § 3613(a)(1)(A); *Garcia v. Brockway*, 526 F.3d 456, 462 (9th Cir. 2008) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation.") (citation omitted). Even assuming that the alleged discrimination caused Ivaylo's heart failure, this does not prove that Defendants

---

[4] Defendants challenge the Dodevs' allegations by asserting that the FHA only prohibits discrimination in the sale or rental of housing, not discrimination in repair of housing already sold or rented. (Doc. 19 at 10-11.) The C.F.R. and *Committee Concerning Community Improvement*, 583 F.3d at 712-13, explicitly contradict this position.

- 5 -

1 continually discriminated against the Dodevs until May 18, 2023. (Doc. 18 ¶ 161.) The
2 November 2024 prerequisite letter is also not an "occurrence or termination" of
3 discrimination by the Defendants. Congress intended a two-year statute of limitations to
4 protect defendants from defending against claims from "decisions that are long past."
5 *Garcia*, 536 F.3d at 463-64 (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 256-57 (1980)).
6 If the Dodevs could toll the two-year limit by sending a letter, it would "provide little
7 finality" for D.R. Horton. *Id.* at 463. The statute of limitations on the Dodevs' FHA claim
8 expired on May 5, 2024.

Even if there was discrimination by Defendants, that discrimination would have terminated when D.R. Horton and their agents stopped communicating with the Dodevs on May 5, 2022. Because the Dodevs did not file until after May 5, 2024, the statute of limitations to assert discrimination under the FHA has run. Because the statute of limitations has run, there is no federal cause of action for the Dodevs under the FHA. As the Dodevs have not claimed a federal cause of action within their FAC and there is no complete diversity, the Court lacks subject matter jurisdiction to hear their complaint.

### C.     Leave to Amend

The Court previously allowed the Dodevs leave to amend. (Doc. 17 at 3-4.) But even after filing their FAC, the Dodevs still do not have federal jurisdiction and cannot rehabilitate their pleading to invoke federal jurisdcition. Although the Dodevs could assert subject matter jurisdiction by dropping Defendant Douglas from this case, they chose not to do so after the Court's first order and stated during oral argument they intended to keep Defendant Douglas despite the diversity problems addressed by the Court. Requiring Defendants to go through another round of briefing would be unduly prejudicial, and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The Dodevs, however, may have claims under state law. Accordingly, the Court will dismiss the case without prejudice so the Dodevs can assert their claims there.

. . . .

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. 19.)

**IT IS FURTHER ORDERED** dismissing Plaintiffs' First Amended Complaint (Doc. 18) without prejudice and directing the Clerk of Court to close this case.

Dated this 11th day of June, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge